OPINION
Defendant Joseph James appeals the judgment of the Van Wert County Court of Common Pleas finding him to be a sexual predator under the provisions of R.C. Chapter 2950.
On June 7, 1985, the Van Wert County Grand Jury indicted the defendant for one count of Rape in violation of R.C. 2907.02, an aggravated felony of the first degree. According to the State's Amended Bill of Particulars, defendant had engaged in sexual conduct with his minor daughter on several occasions between November 1, 1983 and May 1, 1985. Defendant forced his daughter to perform fellatio upon him at least two times, placed his penis between her legs and rubbed it against her vagina on two occasions, and attempted to penetrate her vaginally with his finger at least once. Defendant's daughter was under thirteen at the time of all incidents. On November 13, 1985, defendant pled guilty to the charge of Rape as specified in the indictment, and the trial court sentenced the defendant to a term of five to twenty-five years incarceration with the Department of Rehabilitation and Correction.
On December 14, 1999, defendant came before the trial court for sexual offender classification proceedings pursuant to R.C. Chapter 2950. At the hearing, the court heard testimony from the defendant, and accepted into evidence without objection a psychological examination report on the defendant as well as the defendant's presentence investigation report. On December 16, 1999, the trial court issued a written decision in which it concluded that defendant was a sexual predator as defined in R.C.2950.01(E):
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 The trial court's decision was based primarily on several factors discussed in the psychologist's report that were cited as increasing the likelihood of reoffense:
 The "Sexual Offender Reoffense Risk Assessment" finds that the defendant is in the "low to moderate level" to sexually reoffend at this time with an associated recidivism rate of less than 10%. However, other findings of the assessment that raise the risk level are the intrusive nature of the offense, lack of sex offender specific treatment, reported lack of recall of the offenses, multiple offenses over two years, and a poor relationship history.
 Judgment Entry, at *2. The defendant now appeals the trial court's judgment, and asserts two assignments of error with that judgment.
 The Trial Court erred in finding that there was clear and convincing evidence sufficient to find the Appellant to be a sexual predator and as a result, the decision of the Trial Court is against the manifest weight of the evidence.
 The determination of the Trial Court that the Appellant is a sexual predator violates the prohibition against double jeopardy of the Ohio and United States Constitution[s].
 We will address defendant's assigned errors in reverse order. Defendant's second assignment of error argues that the trial court's decision violates the constitutional prohibitions against placing a defendant twice in jeopardy. However, this court has already concluded that the double jeopardy provisions of the Ohio and U.S. Constitutions do not act as a bar to preclude that State from classifying a defendant as a sexual predator. See, e.g., State v. James (Dec. 8, 1999), Hardin App. No. 6-99-05, unreported, 1999 WL 1114497 at *1.
 The Double Jeopardy Clause contained in Section 10, Article I of the Ohio Constitution, and in the Fifth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment to the United States Constitution prohibit multiple punishments for the same offense. Although not addressing the issue of double jeopardy directly, the Ohio Supreme Court in Cook, supra, concluded that the sexual predator act is not punitive in nature but, rather, has a nonpunitive or regulatory purpose and effect. Consequently, the protections afforded against double jeopardy in either the Ohio or United States Constitutions are not implicated.
 State v. Schroer (Mar. 31, 2000), Auglaize App. No. 2-99-44, unreported, 2000 WL 348988 at *3. Accord State v. Norman (Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported, 2000 WL 116104 at *2, and State v. Burlile (Mar. 10, 2000), Seneca App. No. 13-99-53, unreported, 2000 WL 268942 at *6.
Defendant's first assigned error asserts that the trial court's determination was unsupported by clear and convincing evidence. Cf. R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but less than the extent of certainty that is required for proof beyond a reasonable doubt. See Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. It is evidence which "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990), 55 Ohio St.3d 71, 74, quoting Cross, 161 Ohio St. at paragraph three of the syllabus. If a trial court's determination that a defendant is a sexual predator is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will be not be disturbed by a reviewing court. See, e.g., State v. Anderson
(November 9, 1999), Auglaize App. No. 2-99-15, unreported, 1999 WL 1009095 at *2.
At his sexual offender classification hearing, defendant testified that he had converted to the religion of Islam some eight years previous, that he no longer used illegal drugs or alcohol, and that he had "no desire to rape anyone." He asserted that he was not at any kind of risk to reoffend. However, prior to the hearing, defendant was evaluated by a psychologist who assessed the defendant under the Rapid Risk Assessment for Sexual Offense Recidivism. The psychologist reported that according to the assessment, the defendant was "in the Low Risk to sexually reoffend, with an associated recidivism rate of less than 10%." The psychologist also concluded that he was in the low to moderate risk level "to sexually reoffend at this time." The psychologist's report went on to note that the defendant had difficulty recalling the offenses, and only believed that the offenses had "possibl[y]" occurred. Defendant attributed his lack of knowledge to his heavy use of alcohol and drugs during the time of the sexual assaults. He also reported to the psychologist that "while he admits to the charges on the surface, in his heart he doesn't believe he did anything" to his daughter, and cited a physician's report that allegedly indicated that his daughter's hymen was intact. Defendant stated that "he just can not believe" that he would repeatedly molest his daughter. Finally, the defendant informed the psychologist that he had been interviewed for inclusion into a sexual offender treatment program while in prison, but "was not admitted because he could not recall the details of his offenses."
This Court has reviewed the entire record, and we are persuaded that the trial court's decision was supported by evidence sufficient to meet the clear and convincing standard. The foregoing evidence, combined with the ongoing nature of defendant's assaults on his daughter, provides a clear and convincing basis for the trial court's conclusion that the defendant was likely to reoffend. See R.C. 2950.01(E).
For these reasons, defendant's two assigned errors are overruled, and the judgment of the Common Pleas Court of Van Wert County is affirmed.
Judgment affirmed.
 ______________________________ SHAW, PRESIDING JUDGE
 HADLEY, P.J., and WALTERS, J., concur.